

500 Fifth Avenue, 40th Floor
New York, NY 10110
tel: 212-257-4880
fax: 212-202-6417

www.shapiroarato.com

Cynthia S. Arato
carato@shapiroarato.com
Direct: 212-257-4882

May 17, 2017

VIA ECF

The Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

     Re:    *Papazian v. Sony Music Entertainment*, No. 16-cv-7911 (RJS)

Dear Judge Sullivan:

     We represent Defendant Sony Music Entertainment ("Sony"). We write to inform the Court of a concession (1) that counsel for the Plaintiff in this copyright case recently made in a different copyright case also pending in this district and (2) which impacts the pending motion for partial summary judgment that Sony has brought here.

     Sony's motion in this case contends that Plaintiff's suit for copyright infringement is time-barred because it seeks damages for alleged infringing acts that occurred more than three years before Plaintiff filed this suit. Dkt. Nos. 19-20. Plaintiff, represented by The Liebowitz Law Firm, has opposed the motion, arguing that he may recover damages for infringing acts that occurred beyond this three-year window because he filed his suit within three years of discovering the allegedly infringing acts. Dkt. No. 23.

     A virtually identical issue arose recently in the case of *Craig v. Sony Music Entertainment*, No. 17-cv-1948 (VSB), another copyright infringement action that The Liebowitz Law Firm has filed against Sony. As in this case, the alleged infringement had commenced more than three years before Craig filed his lawsuit; Craig had filed the action within three years of when he allegedly discovered the claimed infringement; and Craig sought to recover for all of the allegedly infringing acts. *See* Dkt. No. 1 (Compl.) ¶¶ 10, 13, 16, and No. 10 (Amended Compl.) ¶¶ 10, 12, 14, 17.[1]

---

[1] The only difference between *Craig* and this action is that the alleged infringement in this action started and ended more than three years before Plaintiff filed this suit. In *Craig*, the alleged infringement started more than three years before that plaintiff filed suit and then continued, such that some infringing acts allegedly occurred within the actionable three-year window.

The Hon. Richard J. Sullivan
May 17, 2017                                                                                                          Page 2

     Sony, accordingly, notified the court that it would be moving to dismiss the *Craig* Complaint, in part to bar Craig from recovering damages for infringing acts occurring more than three years before he filed his suit (*see* Dkt. Nos. 8, 12 (requesting premotion conference) – the same argument on which Sony's motion for partial summary judgment in this action is grounded. The Leibowitz Law Firm opposed Sony's request in *Craig*, arguing that Sony's anticipated motion would be "superfluous" and "frivolous and wasteful of [the] Court's and parties' resources," since the principle "that actual damages in a copyright case may only go back three years prior to the filing of the suit" is "well-known." Dkt. No. 13 (attached here as Exhibit A); *see also* Dkt. No. 15 (parties' stipulation confirming that Craig will not seek damages for any alleged infringement outside the three-year period before his suit was filed, since the law does not allow for that recovery) (attached here as Exhibit B).

     The Leibowitz Law Firm's unqualified concession in the *Craig* case that a plaintiff may not recover actual damages for allegedly infringing acts occurring more than three years before a plaintiff files suit (regardless of the date the alleged infringement was discovered), contradicts, and therefore undermines, the position that this same firm is advancing before this Court in this case. We have asked The Leibowitz Law Firm to explain why it believes the claims in this action are not precluded, and the firm has declined to respond.

     We thank the Court for its consideration of this development.

                                                   Sincerely,

                                                   /s Cynthia S. Arato

                                                   Cynthia S. Arato