UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY PAPAZIAN,

Plaintiff,

-v-

SONY MUSIC ENTERTAINMENT

Defendant.



No. 16-cv-07911 (RJS)
OPINION & ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiff Gregory Papazian brings this action against Defendant Sony Music Entertainment alleging that Sony violated sections 106 and 501 of the Copyright Act by reproducing and displaying a photograph taken by Plaintiff of Irish musician Rory Gallagher.  (Doc. No. 1 ¶ 1.) Now before the Court is Defendant's motion for partial summary judgment.  For the reasons set forth below, the motion is granted.

I. BACKGROUND

A. Facts[1]

Plaintiff is a professional photographer who has photographed numerous rock-and-roll artists.  (*Id.* ¶ 5.)  At issue in this case is a photograph he took of Irish rock musician Rory Gallagher

---

[1] The facts are drawn from the Complaint (Doc. 1 ("Compl.")), Defendant's Local Civil Rule 56.1 Statement (Doc. No. 22 ("Def. 56.1 Stmt.")), Plaintiff's Counterstatement (Doc. No. 24 ("Pl. Opp'n 56.1 Stmt.")), Defendant's declarations submitted in support of the motion, and the exhibits attached thereto (Doc. Nos. 21, 26).  Unless otherwise noted, where only one party's 56.1 Statement or Counterstatement is cited, the other party does not dispute the fact asserted, has offered no admissible evidence to refute that fact, or merely objects to inferences drawn from that fact. The Court has also considered Defendant's memorandum of law in support of its motion (Doc. No. 20 ("Mem.")), Plaintiff's opposition brief (Doc. No. 23 ("Opp'n")), and Defendant's reply (Doc. No. 25 ("Reply")).

(the "Photograph").  Though the exact date on which Plaintiff took the Photograph remains unclear, he appears to have registered it with the Copyright Office on May 8, 2007.  (Def. 56.1 Stmt. ¶ 7–8.)

Defendant admits that in June 2005 it released an album on compact disk entitled *Big Guns: The Very Best of Rory Gallagher*, and that the Album featured Plaintiff's photograph of Gallagher in the case liner.  (Compl. ¶ 2, 4.)  However, Defendant also points to evidence that it ceased selling or in any other way exploiting the Album by February 28, 2006.  (*Id.* ¶ 5.)  In fact, Defendant's internal records reveal that Defendant last distributed copies of the album in July 2005.  (Doc. No. 21-3.)  Furthermore, while the Album can still be purchased via third-party sellers on sites such as Amazon.com, Defendant has submitted an affidavit from a Sony executive attesting to the fact that Defendant "does not participate [in], and earns no revenue[] from[,]" these "subsequent downstream or third party sale[s] of the Album."  (Doc. No. 26 ¶ 8; Doc. No. 21 ¶ 1; Def. 56.1 Stmt. ¶ 5.)

## B. Procedural History

On October 10, 2016, Papazian brought this suit against Sony alleging infringement of his copyright and exclusive rights in the Photograph in violation of sections 106 and 501 of the Copyright Act. 17 U.S.C. §§ 106, 501.  (Compl. ¶ 14.)  Plaintiff seeks a declaratory judgment that Defendant infringed his copyright in the Photograph, as well as actual damages and Defendant's profits attributable to the alleged infringement *or* statutory damages pursuant to 17 U.S.C. § 504(c).  (Compl. Prayer for Relief.)  He also asks for an accounting of all profits and benefits derived by Defendant from the alleged infringement, costs and attorney's fees pursuant to 17 U.S.C. § 1203(b), and pre-judgment interest.  (*Id.*)

On January 30, 2017, the parties submitted a joint letter to the Court in which Defendant asserted that the case "can be resolved via an early motion for . . . summary judgment regarding Plaintiff's inability to recover damages, statutory damages, and/or attorneys' fees as a matter of law," and that "either no or very limited discovery [would] be necessary."  (Doc. No. 17-1 at 3.)  Following a pre-motion conference with the parties on February 2, 2017, the Court set a briefing schedule on the motion and stayed discovery pursuant to Federal Rule of Civil Procedure 26(c).  (Doc. No. 18.)  On February 23, 2017, Defendant filed its motion for partial summary judgment, along with a supporting memorandum.  (Doc. Nos. 19, 21.)  On March 11, 2017, Plaintiff filed his reply memorandum opposing the motion and asserting a need for further discovery in order to adequately respond.  (Doc. No. 23.)  Defendant thereafter filed a reply memorandum on March 16, 2017.  (Doc. No. 25.)

## II.  LEGAL STANDARD

### A.  Summary Judgment

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  There is "no genuine dispute as to any material fact" where (1) the parties agree on all facts (that is, there are no disputed facts); (2) the parties disagree on some or all facts, but a reasonable fact-finder could never accept the nonmoving party's version of the facts (that is, there are no genuinely disputed facts), *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); or (3) the parties disagree on some or all facts, but even on the nonmoving party's version of the facts, the moving party would win as a matter of law (that is, none of the factual disputes are material), *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether a fact is genuinely disputed, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996). Nevertheless, to show a genuine dispute, the nonmoving party must provide "hard evidence," *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998), "from which a reasonable inference in [its] favor may be drawn," *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007) (internal quotation marks omitted). "Conclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), as well as the existence of a mere "scintilla of evidence in support of the [nonmoving party's] position," *Anderson*, 477 U.S. at 252, are insufficient to create a genuinely disputed fact. A moving party is "entitled to a judgment as a matter of law" on an issue if (1) it bears the burden of proof on the issue and the undisputed facts meet that burden; or (2) the nonmoving party bears the burden of proof on the issue and the moving party "'show[s]' – that is, point[s] out . . . – that there is an absence of evidence [in the record] to support the nonmoving party's [position]." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986). When a defendant raises the statute of limitations as an affirmative defense, "the defendant bears the burden of establishing by prima facie proof that the limitations period has expired since the plaintiff's claims accrued." *Overall v. Estate of Klotz,* 52 F.3d 398, 403 (2d Cir. 1995); *see also Gonzalez v. Hasty,* 651 F.3d 318, 322 (2d Cir. 2011) ("[T]he burden is on the defendant to establish when a federal claim accrues."); Fed. R. Civ. P. 8(c).

B.  Request for Further Discovery

Under Rule 56(d), the Court may "order a continuance" if a party opposing summary judgment "shows by affidavit that . . . it cannot present facts essential to justify its opposition" to

4

the motion.  *RSL Commc'ns PLC v. Bildirici*, 649 F. Supp. 2d 184, 221–22 (S.D.N.Y. 2009), *aff'd sub nom. RSL Commc'ns PLC, ex rel. Jervis v. Fisher*, 412 F. App'x 337 (2d Cir. 2011) (citing Fed. R. Civ. P. 56(d)).  Rule 56(d) "is not a shield against all summary judgment motions." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) (quoting *Sundsvallsbanken v. Fondmetal, Inc.*, 624 F. Supp. 811, 815 (S.D.N.Y. 1985)).  To avoid summary judgment on Rule 56(d) grounds, the party seeking additional discovery must show by affidavit:  "(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts."  *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003) (quoting *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999)).  The non-moving party "must have 'had the opportunity to discover information that is essential to his opposition' to the motion," *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (quoting *Anderson*, 477 U.S. at 250 n.5), but that party must also adduce "specific facts indicating that a genuine factual issue exists," *Shaheen v. Naughton*, 222 F. App'x 11, 14 (2d Cir. 2007) (citing *Wright v. Coughlin*, 132 F.3d 133, 137 (2d Cir. 1998)), and "may not rely on conclusory allegations or unsubstantiated speculation" of what may be found to justify further discovery, *id.* (citing *Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir. 1998)).  Decisions regarding Rule 56(d) requests are within the district court's discretion.  *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016).

## III.  DISCUSSION

Defendant now moves for partial summary judgment on several grounds.  First, Defendant argues that Plaintiff's claims are time-barred by the Copyright Act's statute of limitations.  *See* 17 U.S.C. § 507(b).  Second, Defendant argues that, even if any of Plaintiff's claims are timely, his

claim for statutory damages and attorneys' fees should be dismissed, as the copyrighted work at issue was not registered prior to the alleged infringement.  Finally, Defendant opposes Plaintiff's request for further discovery and maintains that no additional information is needed to resolve this case.  The Court considers each of Defendant's contentions in turn.

### A. Statute of Limitations

Defendant argues that Plaintiff's copyright infringement claims are time-barred for two reasons.  First, Defendant asserts that all of Plaintiff's claims accrued more than three years before he filed suit, making the entire action untimely.  (Mem. at 6–9.)  Second, Defendant maintains that even if any of Plaintiff's claims *accrued* within the last three years, Plaintiff is still not entitled to recover damages since each alleged act of infringement occurred more than three years before he filed this action.  (*Id.* at 9–12.)

### 1. Accrual:  Discovery vs. Injury Rules

Section 507(b) of the Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b).  In *Psihoyos v. John Wiley & Sons, Inc.*, the Second Circuit adopted the so-called "discovery rule" to determine when a Plaintiff's claim accrues.  748 F.3d 120, 124–25 (2d Cir. 2014).  Under the discovery rule, a Plaintiff's claim does not accrue "until the copyright holder discovers, or with due diligence should have discovered, the infringement."  *Id* at 124.[2]

Here, Defendant does not dispute that Plaintiff discovered the alleged infringement within three years of filing this action.  Nor does Defendant argue that Plaintiff should have discovered Defendant's alleged infringement before that time.  Instead, Defendant urges the Court to reject the discovery rule, under which Plaintiff's claims would be timely, and to adopt a different accrual

---

[2]  To date, all Courts of Appeals that have passed on the question have adopted the discovery rule.  3 *Nimmer on Copyright* § 12.05 [B][2][b].

rule known as the "injury rule."  Under that rule, a copyright infringement claim accrues when the infringing conduct itself occurs, regardless of when it was ultimately discovered.  *See* 3 *Nimmer on Copyright* § 12.05 [B] (2015) (hereinafter "*Nimmer*").  Because the last alleged acts of infringement in this case took place more than three years before Plaintiff filed suit, applying the injury rule would make Plaintiff's suit untimely.  (Mem. at 6–9.)

In an effort to convince the Court to abandon settled Second Circuit precedent, Defendant relies on dicta from *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014).  In *Petrella*, the Supreme Court held that the equitable doctrine of laches could not be invoked to bar an otherwise timely claim for copyright infringement.  134 S. Ct. at 1973–76.  When discussing section 507(b), the Supreme Court appeared to endorse the injury rule.  *See id.* at 1969 ("A claim ordinarily accrues when [a] plaintiff has a complete and present cause of action . . . A copyright claim thus arises or 'accrue[s]' when an infringing act occurs." (internal quotations omitted)).  Nonetheless, the *Petrella* Court clarified in a footnote that it had "not passed on the question" of whether the injury or discovery rule is correct, *id.* at 1969 n.4, and in a subsequent opinion on a related issue under the Patent Act, the Supreme Court reiterated that "'we have not passed on the question' whether the Copyright Act's statute of limitations is governed by [the discovery rule]." *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 137 S. Ct. 954, 962 (2017).

Defendant's reliance on *Petrella* is misplaced.  Since *Petrella* was handed down, courts in the Second Circuit have continued to follow the discovery rule as announced in *Psihoyos*, and the Court can find no reason to depart from that approach here.  Several district courts within this Circuit have acknowledged the tension between *Petrella* and *Psihoyos*, but they have uniformly concluded that they remain bound to apply the Second Circuit's discovery rule until explicitly directed otherwise.  *See, e.g.*, *Energy Intelligence Grp., Inc. v. Scotia Capital (USA) Inc.*, No. 16-

cv-617 (PKC), 2017 WL 432805, at *2 (S.D.N.Y. Jan. 30, 2017) ("Defendant urges the Court to disregard the clear Second Circuit precedent from *Psihoyos* . . . in favor of dicta in *Petrella* that the Supreme Court itself acknowledged was not controlling.  This the Court will not do."); *Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 357 n.11 (S.D.N.Y. 2014) ("[A] suggestion that the Supreme Court may favor the injury rule, without more, does not trump Second Circuit precedent.  For now, *Psihoyos* remains the law of this Circuit"); *accord Hutson v. Notorious B.I.G., LLC*, No. 14-cv-2307 (RJS), 2015 WL 9450623, at *4 n.4 (S.D.N.Y. Dec. 22, 2015).  The Court agrees.  Thus, under the law of this Circuit, the argument that Plaintiff's claim accrued more than three years before he filed this action must be rejected.

### 2. Damages:  "Rolling" vs. "Continuing Wrong" Approaches

Defendant alternatively argues that, regardless of when the underlying claim accrued, none of the alleged acts of infringement occurred within the three years prior to Plaintiff's commencement of this action, thus barring Plaintiff from recovering *damages* – even if his claim is technically timely under the discovery rule.

When infringing acts occur over time, as alleged in this case, the Court must not only determine when a plaintiff's claim accrued under section 507(b), it must also determine which, if any, of the multiple infringing acts trigger actual or statutory damages under the Copyright Act. *Nimmer* §12.05 [B][1].  To make this determination, Courts have generally applied either a "continuous wrong" or a "rolling" approach to calculating damages.  *Id.*  Under the first approach, "if a series of infringing acts constitutes a 'continuing wrong,'" then only one such act need be viable under the statute of limitations "in order for liability to attach to them all."  *Id.* § 12.05 [B][1][a] (citing *Taylor v. Meirick*, 712 F.2d 1112 (7th Cir. 1983)).  Under the "rolling" approach, by contrast, a plaintiff is entitled to recover damages only for infringing acts actually occurring up

to three years before the filing of the complaint, "such that the passage of each additional day forecloses one more day of past damages." *Id.* § 12.05 [B][2][c].

The Second Circuit has always applied the rolling approach. *See, e.g.*, *Merchant v. Levy*, 92 F.3d 51, 57 n.8 (2d Cir. 1996) ("[R]ecovery is barred for any infringing acts occurring more than three years prior to suit"); *Kregos v. Associated Press*, 3 F.3d 656, 662 (2d Cir. 1993) (noting the "disfavor that the continuing-infringement doctrine has received in the copyright-infringement context" and concluding that "[t]he continuing-infringement doctrine . . . [is] unavailable in this circuit"). And in *Petrella*, the Supreme Court explicitly adopted the rolling approach as the appropriate way to determine the scope of relief. Indeed, the Supreme Court began its discussion of the Copyright Act's statute of limitations by asserting, "[u]nder the Act's three year-provision, an infringement is actionable within three years, and only three years, of its occurrence. And the infringer is insulated from liability for earlier infringements of the same work." *Petrella*, 134 S. Ct. at 1969. The *Petrella* Court noted that "Congress provided two controlling time prescriptions" in the Copyright Act, "the copyright term, which endures for decades . . . and § 507(b)'s limitations period, which allows plaintiffs during that lengthy term to gain retrospective relief running only three years back from the date the complaint was filed." *Id.* at 1970. The majority makes this point at least nine times throughout the *Petrella* opinion, the clearest of which removes any doubt as to whether the Supreme Court adopted the rolling approach:

> [A] successful plaintiff can gain retrospective relief only three years back from the time of suit. *No recovery may be had for infringement in earlier years. Profits made in those years remain the defendant's to keep.* Brought to bear here, § 507(b) directs that MGM's returns on its investment in [the allegedly infringed work] in years outside the three-year window (years before 2006)[3] cannot be reached by Petrella.

*Id.* at 1973 (emphasis added); *see also Nimmer* §12.05 [B][2][c].

---

[3] The plaintiff in *Petrella* filed suit in 2009. *Petrella*, 134 S. Ct. at 1965.

Naturally, after *Petrella*, courts in this District have continued to apply the rolling approach to determine the scope of plaintiffs' relief for copyright infringement. *See, e.g.*, *Fischer v. Forrest*, No. 14-cv-1304 (PAE), 2017 WL 128705, at *6–7 (S.D.N.Y. Jan. 13, 2017), *report and recommendation adopted*, No. 14-cv-1304 (PAE) (AJP), 2017 WL 1063464 (S.D.N.Y. Mar. 21, 2017); *Wu v. John Wiley & Sons, Inc.*, No. 14-cv-6746 (AKH), 2015 WL 5254885, at *7 (S.D.N.Y. Sept. 10, 2015). In both *Fischer* and *Wu*, for example, the court sensibly applied the *Psihoyos* discovery rule to determine the date of accrual but the rolling approach to determine the extent of relief available, thus reconciling *Psihoyos* and *Petrella*. *Fischer*, 2017 WL 128705, at *6; *Wu*, 2015 WL 5254885, at *4.[4]

Plaintiff nevertheless contends that the language in *Petrella* adopting the rolling approach was non-binding dicta and should be ignored by the Court. But in applying Supreme Court precedent, this Court is bound "not only [by] the result but also those portions of the opinion necessary to that result." *Seminole Tribe of Florida v. Fla.*, 517 U.S. 44, 67 (1996). And as *Nimmer* persuasively concludes, the Supreme Court's adoption of the rolling approach was "integral to its holding." *Nimmer* §12.05 [B][1][b][23.1]. In fact, the *Petrella* Court partially based its decision that laches was inapplicable to actions under the Copyright Act on the fact that the statute "itself takes account of delay" by limiting a prospective plaintiff's recovery to damages incurred in the "three-year look-back" period from the time of suit. *Petrella*, 134 S. Ct. at 1973. The Supreme Court noted that "[o]nly by disregarding that feature of the statute" could the Ninth

---

[4]  Plaintiff draws the Court's attention to *Scotia Capital*, 2017 WL 432805, at *2, in which Judge Castel wrote that "under no reasonable reading of *Petrella* could the opinion be interpreted to establish a time limit on the recovery of damages separate and apart from the statute of limitations." This conclusion is difficult to square with the plain language of *Petrella* delimiting relief to the three years prior to suit, and the Court declines to follow it.

Circuit have held otherwise.  *Petrella*, 134 S. Ct. at 1973.[5]  Therefore, because the clear and specific three-year limitation on damages under section 507(b) was necessary to the result in *Petrella*, it cannot be construed as dicta.

Applying the rolling approach to the facts here, the Court finds that Plaintiff cannot recover damages for infringing acts that occurred before October 10, 2013, three years before he filed his complaint.  Sony has proffered evidence and affidavits establishing that it has not produced, sold, or in any way profited from the allegedly infringing album in over eleven years.  (Doc. No. 21.) Plaintiff has offered no rebuttal to this evidence other than general claims that further discovery could uncover ongoing infringement by Sony and that the Album is currently available for purchase from various third parties.  (Opp'n 8–10.)  However, Sony has asserted by affidavit that it maintains no relationship with and derives no benefit from these ongoing third-party sales of the Album.  (Doc. No. 26 at 2.)  The law is clear that when an independent third-party resells or otherwise profits from allegedly infringing products, they do so "on their own account and entirely on their own responsibility," and Sony cannot be vicariously liable for these third parties' actions. *Mount v. Book-of-the-Month Club, Inc.*, 555 F.2d 1108, 1110 (2d Cir. 1977) (citation omitted). Therefore, since any infringing acts for which Sony *could* be liable occurred long before the three-year look back period for relief, Plaintiff is barred from recovering actual damages in this action. The Court grants Defendant's motion for partial summary judgment on this basis.

---

[5]  Admittedly, there is some doctrinal tension in applying both the discovery rule and the rolling approach.  *See Nimmer* § 12.05 [B][2][c] (noting that "[t]he whole purpose of the discovery rule is to relieve plaintiff from the effect of his justified ignorance.").  But this Court is "bound by Second Circuit precedent 'unless it is expressly or implicitly overruled' by the Supreme Court or an en banc panel of the Second Circuit."  *In re S. African Apartheid Litig.*, 15 F. Supp. 3d 454, 459 (S.D.N.Y. 2014) (citation omitted); *see also Anderson v. Recore,* 317 F.3d 194, 201 (2d Cir. 2003). The Court remains bound by the Second Circuit's decision to apply the discovery rule in *Psihoyos*, while at the same time, *Petrella* requires this Court to apply the rolling approach in determining Plaintiff's entitlement to damages.

B. Statutory Damages and Attorney's Fees

In the alternative, Plaintiff asserts that even if recovery of actual damages is precluded by *Psihoyos*, he is nevertheless entitled to statutory damages and attorney's fees as a result of Defendant's infringement.  The most straightforward interpretation of *Petrella*, as adopted and applied above, is that no recovery of any kind, including statutory damages, is permitted for infringing acts occurring more than three years prior to suit.  *See Petrella*, 134 S. Ct. at 1973 ("[A] successful plaintiff can gain retrospective relief only three years back from the time of suit.  *No recovery* may be had for infringement in earlier years." (emphasis added).)

But even if it could be argued that *Petrella* was ambiguous as to the availability of statutory damages, Plaintiff's claim for such damages here would still fail for the simple reason that Defendant's alleged infringement took place *before* Plaintiff registered his copyright.  Under the Copyright Act, no award for statutory damages or attorney's fees may be given for "any infringement of copyright in an unpublished work commenced before the effective date of its registration."  17 U.S.C. § 412(1); *see also Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158 (2d Cir. 2007) ("[A] plaintiff may not recover statutory damages or attorney's fees for any infringement 'commenced' before the effective date of a copyright's registration.").  Plaintiff nowhere asserts that the Photograph was registered prior to the alleged infringement; he simply maintains that it "is registered with the United States Copyright Office" and provides a copyright number that according to the Copyright Office Online Public Catalog does not exist.  (Compl. ¶ 9.)  As Defendant correctly points out, the only copyright registered in Plaintiff's name is entitled "Greg Papazian rock photo gallery: no. 1," bears a copyright number that differs by two digits from the one provided by Plaintiff, and was registered on May 8, 2007, more than a year after

Defendant ceased any infringing activity.[6]  (Mem. at 2–3 n.2.)  Plaintiff does not contest that the copyright was registered in 2007, and instead argues conclusorily that the date of registration is a disputed fact that should be resolved at trial.  (Opp'n at 9.)  But Plaintiff provides absolutely no evidence "from which a reasonable inference in [his] favor may be drawn" on this issue, *Binder & Binder*, 481 F.3d at 148, so the date of copyright registration cannot be considered a material fact in dispute.  Therefore, even under the most liberal reading of *Petrella*, Plaintiff still cannot recover statutory damages or attorney's fees.

### C.  Plaintiff's Request for Further Discovery

Finally, Plaintiff claims that additional discovery is needed so that he may respond adequately to Defendant's motion.  (Opp'n at 9–11.)  At the outset, it bears noting that Plaintiff's request is procedurally deficient.  Pursuant to Federal Rule of Civil Procedure 56(d), the non-moving party must "show[] *by affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition" such that further discovery should be permitted.  Fed. R. Civ. P. 56(d) (emphasis added).  The Second Circuit has held that such an affidavit must set out "(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts."  *Miller*, 321 F.3d at 303.  Here, Plaintiff has simply posited a need for further discovery in his memorandum opposing partial summary judgment, but has not filed any affidavit or declaration as required by Rule 56(d).  This fact alone is sufficient to deny his request.  *Paddington Partners*, 34 F.3d at 1137 ("A reference . . . to the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule [56(d)] affidavit, . . . and

---

[6]  The Court is entitled to take judicial notice of copyright registrations as published in the Copyright Office's registry. *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005).

the failure to file an affidavit under Rule [56(d)] is itself sufficient grounds to reject a claim." (citations omitted)).

But even if the Court were to overlook these procedural deficiencies, Defendant's request for further discovery would still be unjustified since it is totally conclusory. Plaintiff insists that he needs additional discovery in order to uncover "any other exploitation of the Photograph by the Defendant, not included in the Complaint . . . [and] any other revenue, profit, royalty, or benefit derived from the exploitation of the Photograph." (Mem. at 10.) But Plaintiff makes no effort to specify what facts are sought or how they would create a genuine issue of material fact. Indeed, Plaintiff's 56.1 Counterstatement concedes that Defendant stopped selling the Album in February 2006 and disputes only the existence of "third party" sales in the downstream market, which, as noted previously, cannot provide a basis for recovery. *Mount*, 555 F.2d at 1110.[7] As the Second Circuit has made clear, "a bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient," *Alphonse Hotel Corp.*, 828 F.3d at 151 (quoting *Paddington Partners*, 34 F.3d at 1138), for the straightforward reason that Rule 56(d) does not permit Plaintiff to engage in a "'fishing expedition' in the hope that he could come up with some tenable cause of action," *Waldron v. Cities Serv. Co.*, 361 F.2d 671, 673 (2d Cir. 1966), *aff'd sub nom. First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)). Accordingly, Plaintiff's request for further discovery is denied.

## IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant's motion for partial summary judgment is GRANTED. The Clerk of the Court is respectfully directed to

---

[7] And to the extent there was any ambiguity in Defendant's 56.1 Statement regarding the existence of "contracts with third-party vendors" from which Defendant may have continued to derive revenue even after it stopped distributing the Album, Defendant's supplemental declaration makes clear that Sony earned no revenue from the Album from *any* source after "July 2005." (Doc. No. 26.)

terminate the motion pending at docket number 19.  Because the Court finds that Plaintiff may not recover actual damages, profits, statutory damages, or attorney's fees, IT IS HEREBY ORDERED THAT the parties shall submit a joint letter no later than Friday, October 13, 2017 setting forth their views as to the remaining issues, if any, to be resolved in this action.

SO ORDERED.

Dated:          September 28, 2017
                New York, New York

                                        _____
                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE