UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/4/2019

GREGORY PAPAZIAN,

                Plaintiff,

-v-

SONY MUSIC ENTERTAINMENT,

                Defendant.

No. 16-cv-7911 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Now before the Court is Plaintiff's motion for reconsideration of the Court's November 22, 2017 Order dismissing this case for lack of subject matter jurisdiction. (Doc. No. 37.) For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

    The standard for a motion to reconsider "is strict" and requires "deni[al] unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Trasp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Here, Plaintiff asserts that the Court "has overlooked [a] well-established rule of law which holds that a statutory injury, i.e., an invasion of a statutory right, may in and of itself confer Article III standing." (Doc. No. 37 at 3 (citing *Warth v. Seldin*, 422 U.S. 490, 500 (1975).) But this argument simply misconstrues the Court's November 22, 2017 Order, which turned on redressability, not injury. So the fact that Second Circuit precedent does not require "pecuniary harm" to sustain a copyright infringement claim (Doc. No. 38 at 11, citing *Davis v. Gap, Inc.*, 246 F.3d 152 (2d Cir. 2001)), is beside the point, since whatever the scope of the Copyright Act's protections, a litigant must independently establish Article III standing. Here, the Court determined that even if Plaintiff were injured by Defendant's use of his

photograph, that injury is not now redressable by this Court; as such, any decision regarding Defendant's liability would be an unconstitutional advisory opinion. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 107 (1998) ("[A]lthough a suitor may derive great comfort and joy from the fact that . . . the Nation's laws are faithfully enforced, that psychic satisfaction is not an acceptable Article III remedy because it does not redress a cognizable Article III injury.") Because Plaintiff's brief in support of reconsideration does not even attempt to engage on the issue of redressability, he has failed to identify any overlooked case law or arguments that might alter the outcome of his case.

The Clerk of Court is respectfully directed to terminate the motion pending at docket number 37.

SO ORDERED.

Dated:   March 4, 2018
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE